IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA OLIVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1697 (GBW) |
| | ) |
| SAKURA FINETEK U.S.A., INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 24th day of January 2023, having considered Defendant's motion to dismiss for failure to prosecute (D.I. 7) and Defendant's motion for summary judgment (D.I. 14);

IT IS HEREBY ORDERED that Defendant's motion to dismiss for failure to prosecute (D.I. 7) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff shall show cause on or before February 24, 2023, why Defendant's motion for summary judgment should not be granted.

Plaintiff, a *pro se* litigant, commenced this action in state court and it was removed to this Court by Defendant on December 1, 2021. (D.I. 1). In her Complaint, Plaintiff asserts a personal injury claim against Defendant. She alleges that, while using a defective automatic cover slipper manufactured by Defendant, the hood of the machine slammed down on her head, causing her to sustain a concussion and continuing medical issues. (D.I. 1-1 at 6-7). On February 10, 2022, Defendant filed an Answer to the Complaint. (D.I. 3). The next day a scheduling order was entered, setting a discovery cut off date of June 13, 2022, and a dispositive motion deadline of October 13, 2022. (D.I. 4). On April 4, 2022, Plaintiff filed an "Answer" to Defendant's Answer, asserting that she has worked professionally in the healthcare industry as a

Histotechnologist for nearly thirty years, and that she was working at "the hospital University of Pennsylvania" when she sustained her injury. (D.I. 5). She filed sealed medical records as an exhibit to her Answer. (D.I. 6). On April 8, 2022, the Court notified Plaintiff that her Answer and medical records were deficient for failing to comply with D. Del. LR 5.2(b)(2), and directed her to file a certificate of service showing how the filings had been served upon Defendant. (4/8/2022 Remark). Plaintiff did not then file a certificate of service.

On June 27, 2022, Defendant, apparently having conducted no discovery, filed a motion to dismiss Plaintiff's Complaint for failure to prosecute. (D.I. 7). Defendant's motion to dismiss, and exhibits attached thereto, outline how counsel contacted Plaintiff in April 2022, and several times thereafter, asking for her to provide her sealed medical records, and how she did not provide them until two months later. (D.I. 8 at 6-7). Defendant asserts that the medical records "are incomplete and do not clarify Plaintiff's claims or damages." (D.I. 8 at 7). Plaintiff then filed a certificate of service stating that she sent her Answer and sealed medical records to Defendant on April 15, 2022, and a letter to the Court asserting that she did not know that she was required to file the certificate of service with the Court. (D.I. 9, 9-2). Plaintiff filed a response to the motion to dismiss only after being ordered to do so by the Court, and asserted therein that she had given Defendant her medical records and that that was "all they have asked for." (D.I. 11). She further asserted, "the evidence [is] in my medical records and it speak[s] for itself, I have taken action[,] I responded to the calls[,] I produced my medical records, without hesitation." (*Id.*). In its reply, Defendant asserted that Plaintiff had misinformed the Court because she in fact had not sent her medical records to Defendant until June, and that "it is evident that Plaintiff does not believe the Court's orders, Federal Rules, or Local Rules apply to her matter." (D.I. 13 at 6).

2

On October 13, 2022, which was the dispositive-motion deadline, Defendant filed a motion for summary judgment. (D.I. 14). Defendant asserted that the motion was filed "[i]n order to preserve its right to move for summary judgment." (D.I. 15 at 4). Defendant's argument for summary judgment was exactly one paragraph long, and incorporated its request for dismissal for failure to prosecute:

> Plaintiff has failed to prove any element of her claims, and therefore Defendant is entitled to judgment as a matter of law. Plaintiff has failed to clearly articulate her claims, or put forth any evidence to establish the elements of those claims. Further, no fact or expert discovery has been conducted. As such, there is a complete failure of proof with regard to Plaintiff's claims. There is a purported narrative report included in plaintiff's medical records, but these bare observations do not constitute and expert opinion and is not insufficient to prove her claims. Defendant also incorporates, by reference, the arguments in its pending Motion to Dismiss for Failure to Prosecute briefings [D.I. 7, 8, and 13].

(*Id.* at 8-9).

As with Defendant's motion to dismiss, Plaintiff did not file a response to the motion for summary judgment until ordered to do so by the Court. (D.I. 16). In her response, she again asserted that she had complied with Defendant's request for her medical records. (D.I. 17). In its reply, Defendant asserted, *inter alia*, that Plaintiff failed to establish that she can prove her claim, and that Plaintiff "continues to flout the rules of this Court." (D.I. 18 at 2). Defendant also reasserted its request to dismiss for failure to prosecute. (*Id.* at 3).

**Motion to Dismiss.** Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995); *see also Torres v. Amerada Hess Corp.*, 240 F. App'x 946, 954 (3d Cir. 2007). "In certain cases, it is a necessary tool to punish parties who fail

3

to comply with the discovery process and to deter future abuses." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

The following six factors determine whether dismissal is warranted. (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *See also Wallace v. Graphics Mgmt. Associates*, 197 F. App'x 138 (3d Cir. 2006).

The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of *Poulis* factors are not satisfied. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998).

With regard to the first factor, as a *pro se* litigant, Plaintiff is solely responsible for prosecuting her claim. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Given Plaintiff's *pro se* status, Defendant would be correct in its assertion that "[t]he failure to respond to discovery requests is directly attributable to her," (D.I. 8 at 9), if Defendant had engaged in the discovery process. However, it does not appear on this record that Defendant has made any discovery requests. As noted, Defendant requested sealed medical records which Plaintiff had proactively filed on the record, and Defendant ultimately received them. It is of course possible that Defendant is referencing other discovery requests that it has omitted from mentioning in its filings.

Regarding the second factor, prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Defendant asserts: "As the record stands, Defendant does not have enough information to identify the alleged defective product, identify any specific injuries, quantify special damages, or otherwise meaningfully understand, or defend against, her claims." (D.I. 8 at 10). Much of this statement would properly be included in a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which Defendant could have filed to challenge the sufficiency of Plaintiff's complaint allegations. However, Defendant made the strategic decision to waive the filing of a Rule 12(b)(6) motion, opting to answer the Complaint instead. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Additionally, much of Defendant's above-quoted assertion would properly be made by a party whose discovery requests have been ignored, and who, despite securing court orders compelling compliance, is still left without the necessary information due to the opposing party's recalcitrance. Again, however, it appears that Defendant has not propounded a solitary discovery request. Accordingly, the Court cannot conclude that Defendant has been prejudiced by Plaintiff's conduct in this case.

As to the third and fourth factors, the Court disagrees with Defendant's assertions that "it is evident that Plaintiff does not believe the Court's orders, Federal Rules, or Local Rules apply to her matter," (D.I. 13 at 6), and that Plaintiff "continues to flout the rules of this Court." (D.I. 18 at 2). Plaintiff is indeed responsible for complying with Court orders, Federal Rules and Local Rules, and is reminded of the same here, but by all indications she has interacted respectfully with the Court and counsel, and the simple procedural mistakes of a *pro se* litigant

5

are a far cry from "flouting" rules or acting as if they do no not apply her. As such, the Court concludes that Plaintiff's conduct was neither willful nor in bad faith and will not at this time characterize her conduct as a history of dilatoriness.

The Court concludes that the other two factors are, at most, neutral. For these reasons, the motion to dismiss for failure to prosecute is denied.

**Motion for Summary Judgment.** A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the burden of persuasion at trial would be on the non-moving party, then the moving party may satisfy its burden of production by pointing to an absence of evidence supporting the non-moving party's case, after which the burden of production shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Williams v. West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989). Material facts are those "that could affect the outcome" of the proceeding. *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011).

On this record, Defendant has established the absence of any genuine issue of fact. This is so because the only evidence currently in the record are Plaintiff's medical records, which, in and of themselves, do not create a genuine issue of material fact. Accordingly, summary judgment will be granted for Defendant if Plaintiff cannot demonstrate a genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Plaintiff's

factual assertions, "if supported by affidavits or other evidentiary material, must be regarded as true . . . ." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). If "there is any evidence in the record from any source from which a reasonable inference in [Plaintiff's] favor may be drawn, [Defendant] simply cannot obtain a summary judgment." *Id.* at 1081 (internal quotation marks omitted). Plaintiff has until the date set above to make and support such factual assertions, by affidavit or other acceptable evidence.

                                                The Honorable Gregory B. Williams
United States District Judge