IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA OLIVER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 21-1697-GBW |
| | : |
| SAKURA FINETEK U.S.A. INC., | : |
| | : |
| Defendant. | : |

Linda Oliver, New Castle, Delaware, Pro Se Plaintiff.

Christian J. Singewald, Esq., and Daryll Hawthorne-Bernardo, Esq., White & Williams, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

April 11, 2023
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Linda Oliver, proceeding *pro se*, filed this action in state court asserting a personal injury claim against Defendant, and it was removed to this Court by Defendant on December 1, 2021. (D.I. 1). Before the Court is Defendant's motion for summary judgment. (D.I. 14). The matter is fully briefed.

## II. BACKGROUND

In her Complaint, Plaintiff alleges that, while using a defective automatic cover slipper manufactured by Defendant, the hood of the machine slammed down on her head, causing her to sustain a concussion and continuing medical issues. (D.I. 1-1 at 6-7). On February 10, 2022, Defendant filed an Answer to the Complaint. (D.I. 3). The next day a scheduling order was entered, setting a discovery cut off date of June 13, 2022, and a dispositive motion deadline of October 13, 2022. (D.I. 4). On April 4, 2022, Plaintiff filed an "Answer" to Defendant's Answer, asserting that she has worked professionally in the healthcare industry as a Histotechnologist for nearly thirty years, and that she was working at "the hospital University of Pennsylvania" when she sustained her injury. (D.I. 5). She filed medical records as an exhibit to her Answer. (D.I. 6).

On June 27, 2022, Defendant filed a motion to dismiss Plaintiff's Complaint for failure to prosecute. (D.I. 7). In Plaintiff's response to the motion to dismiss,

1

she asserted that she had given Defendant her medical records and that that was "all they have asked for." (D.I. 11). She further asserted, "the evidence [is] in my medical records and it speak[s] for itself, I have taken action[,] I responded to the calls[,] I produced my medical records, without hesitation." (*Id.*).

On October 13, 2022, which was the dispositive-motion deadline, Defendant filed a motion for summary judgment. (D.I. 14). In support of summary judgment, Defendant argued:

> Plaintiff has failed to prove any element of her claims, and therefore Defendant is entitled to judgment as a matter of law. Plaintiff has failed to clearly articulate her claims, or put forth any evidence to establish the elements of those claims. Further, no fact or expert discovery has been conducted. As such, there is a complete failure of proof with regard to Plaintiff's claims. There is a purported narrative report included in plaintiff's medical records, but these bare observations do not constitute and [sic] expert opinion and is not insufficient [sic] to prove her claims.

(D.I. 15 at 8-9). In her response, Plaintiff again asserted that she had complied with Defendant's request for her medical records. (D.I. 17).

In a Memorandum Order issued on January 24, 2023, this Court denied Defendant's motion to dismiss. (D.I. 19 at 3-6). As to the summary judgment motion, the Court outlined the legal standard and then advised the parties as follows:

> On this record, Defendant has established the absence of any genuine issue of fact. This is so because the only evidence currently in the record are Plaintiff's medical records, which, in and of themselves, do not create a genuine issue of material fact. Accordingly, summary

2

> judgment will be granted for Defendant if Plaintiff cannot demonstrate a genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Plaintiff's factual assertions, "if supported by affidavits or other evidentiary material, must be regarded as true . . . ." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). If "there is any evidence in the record from any source from which a reasonable inference in [Plaintiff's] favor may be drawn, [Defendant] simply cannot obtain a summary judgment." *Id.* at 1081 (internal quotation marks omitted). Plaintiff has until the date set above to make and support such factual assertions, by affidavit or other acceptable evidence.

(*Id.* at 6-7). Plaintiff was ordered to show cause why summary judgment should not be granted in Defendant's favor by February 24, 2023. (*Id.* at 1).

Plaintiff filed an unsworn response, asserting that there were issues of material fact, that her head injury was caused by a defective Sakura Cover Slipper, and that her evidence is the medical treatment she received for over two years following the concussion she sustained. (D.I. 20 at 2). She also requested leniency in light of her *pro se* status. (*Id.*). Additionally, she refiled a portion of the medical files she had previously filed. (D.I. 21).

## III. LEGAL STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v.*

3

*Catrett*, 477 U.S. 317, 323 (1986). If the burden of persuasion at trial would be on the non-moving party, then the moving party may satisfy its burden of production by pointing to an absence of evidence supporting the non-moving party's case, after which the burden of production shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Williams v. West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989).

Material facts are those "that could affect the outcome" of the proceeding. *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). "[A] dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Id.* (internal quotation marks omitted). A non-moving party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the moving party] do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). The non-moving party's evidence "must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Williams*, 891 F.2d at 460-61.

4

The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter,* 476 F.3d 180, 184 (3d Cir. 2007). "[T]he facts asserted by the nonmoving party, if supported by affidavits or other evidentiary material, must be regarded as true . . . ." *Aman v. Cort Furniture Rental Corp.,* 85 F.3d 1074, 1080 (3d Cir. 1996). If "there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment." *Id.* at 1081 (internal quotation marks omitted).

## IV. DISCUSSION

In its January 24, 2023 Memorandum Order, the Court concluded that, at that time, "Defendant ha[d] established the absence of any genuine issue of fact." (D.I. 19 at 6). In so concluding, the Court noted that "the only evidence currently in the record are Plaintiff's medical records, which, in and of themselves, do not create a genuine issue of material fact." (*Id.*). Despite being directed to "support [her] factual assertions, by affidavit or other acceptable evidence," Plaintiff has failed to do so. Accordingly, nothing has changed since the Court issued the

5

January 24 Memorandum Order. Accordingly, given the absence of any genuine issue of fact, the Court will grant summary judgment in Defendant's favor.[1]

## V.  CONCLUSION

For the above reasons, the Court will grant Defendant's motion for summary judgment. (D.I. 14).

The Court will issue an Order consistent with this Memorandum Opinion.

---

[1] Although Plaintiff proceeds *pro se*, she is not excused at this stage of the proceedings from meeting the requirements necessary to defeat summary judgment, as outlined by this Court in the January 24, 2023 Memorandum Order. *See Bello v. Romeo*, 424 F. App'x 130, 133 (3d Cir. 2011) (per curiam) ("While we have held that '[t]he allegations of a pro se litigant are generally held to a 'less stringent standard' than formal pleadings prepared by a lawyer,' pro se litigants are nonetheless required to comply with the procedures outlined in Rule 56 of the Federal Rules of Civil Procedure.") (quoting *United States v. Albinson*, 356 F.3d 278, 284 n.9 (3d Cir. 2004)).